IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDINGS |
| | ) | |
| W. L. TUCKER SUPPLY CO. | ) | CASE NO.: 10-55241 |
| | ) | ADVERSARY NO. _____ |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | JUDGE MARILYN SHEA-STONUM |
| | ) | |
| EDWARD D. KINTZ | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT TO DENY DISCHARGEABILITY OF DEBT**

Now comes the Plaintiff, W. L. TUCKER SUPPLY CO. (hereinafter "Plaintiff"), a creditor in the above styled Chapter 7 bankruptcy proceeding, appearing herein by and through its attorney of record, and for its Complaint to Deny Dischargeability of Debt against EDWARD D. KINTZ (hereinafter "Defendant"), alleges as follows:

**I. PARTIES, JURISDICTION AND VENUE**

1.　This is a core proceeding over which this Court has jurisdiction pursuant to the provisions of 28 USC §157(a) and (b) and §1334(b) and 11 USC §523.

1

2. Plaintiff is an Ohio Corporation with its principal place of business in Cuyahoga Falls, Ohio, and is engaged in the construction industry as a material supplier.

3. Defendant, EDWARD D. KINTZ, is an adult resident citizen of Portage County, Ohio, who may be served with process at 3225 Congress Lane Road, Mogadore, Ohio 44260, and is a debtor in the referenced Chapter 7 proceedings.

## II. CLAIMS FOR RELIEF

4. Pursuant to the payment provisions between Plaintiff and Defendant wherein Defendant would apply to the owner(s) of projects for which Plaintiff supplied materials, Defendant assumed a position of special trust and confidence with regard to Plaintiff including the duty to pay Plaintiff for materials upon receipt by Defendant of payment from the owner(s) of the projects.

5. In reliance upon these payment provisions, and upon assurances and representations by Defendant, Plaintiff entered into various subcontracts with the Defendant and supplied materials at various projects throughout Northeastern Ohio.

6. Defendant breached his fiduciary duty to Plaintiff and committed fraud by knowingly making such false accusations and representations, and by receiving payment from the owner(s) of the projects and failing to timely pay Plaintiff and/or diverting such sums paid by the owner(s) of the projects for Defendant's use and enjoyment, thereby damaging Plaintiff.

7. Defendant owes Plaintiff the sum of One Hundred Ninety Seven Thousand Seven Hundred Thirty Four Dollars and Fifty Nine Cents ($197,734.59)

for materials supplied by Plaintiff to Defendant at various projects for which Defendant has received payment and not paid Plaintiff together with interest from July 25, 2010, at the rate of eighteen percent (18%) per annum and Court costs for which Plaintiff.

8. Said debt arose from the fraud and breach of fiduciary duty of Defendant and is thus nondischargeable in bankruptcy.

9. Defendant Debtor is guilty of fraud while acting in a fiduciary capacity in violation of 11 USC §523(a)(4).

10. Defendant Debtor should be denied a discharge for the debt to Plaintiff based upon the allegations of paragraphs 1 through 9 above so as to allow Plaintiff to collect same. Plaintiff should also be awarded attorney's fees for the prosecution of this action.

**WHEREFORE**, Plaintiff prays that this Honorable Court will find this Complaint to Deny Dischargeability of Debt to be well taken, will deny the discharge of the debt and award Plaintiff attorney's fees incurred in the prosecution of the action.

Respectfully submitted,

s/Joseph M. Zeglen
JOSEPH M. ZEGLEN (#0029672)
Attorney for Plaintiff
P.O. Box 104
Baltic, Ohio 43804
Phone: (330) 897-4100
Facsimile (330) 897-4106